UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Gustavo Sanchez Marban, | Civil No. 25-1227 (DWF/DJF) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Holiday Station Stores, LLC, | |
| Defendant. | |

## INTRODUCTION

This matter is before the Court on Defendant Holiday Station Stores, LLC's ("Circle K")[1] motion to dismiss and compel arbitration of Plaintiff Gustavo Sanchez Marban's claims against it. (Doc. No. 5.) Plaintiff, who is *pro se*, opposes the motion. (Doc. No. 14.) For the reasons set forth below, the Court grants Defendant's motion to compel, denies the motion to dismiss, and stays this action.

## BACKGROUND

Plaintiff is a former employee of Circle K. (Doc. No. 1-1.) On March 13, 2025, Plaintiff served Defendant with a Complaint in Minnesota state court. (*Id.*) Plaintiff alleges that after he acted as a witness in a separate legal matter against Defendant, Defendant retaliated against him, wrongfully terminated his employment, and failed to produce personnel records in violation of Minnesota law. (*Id.* at IV.9-IV.15.) On

---

[1]   Defendant asserts that Plaintiff incorrectly named it as Holiday Station Stores, LLC, and that it is, in fact, Circle K Stores, Inc. (Doc. No. 7 at 1.)

April 3, 2025, Defendant removed Plaintiff's state court lawsuit to this court. (Doc. No. 1.) Defendant argues that Plaintiff's claims are subject to arbitration. (Doc. No. 5.) At the heart of Defendant's motion is the question of whether Plaintiff's claims against Defendant are subject to an arbitration clause that Plaintiff signed electronically.

In January 2023, and as part of the onboarding process at the beginning of his employment, Plaintiff executed the Mutual Agreement to Arbitrate ("Agreement"). (Doc. No. 8 ¶ 3, Ex.1; *id.* ¶ 12, Ex. 2.) Plaintiff was required to create unique log-in credentials to complete online paperwork via the Workday integration system for new hires. (Doc. No. 8 ¶¶ 10-12.) Plaintiff did this on January 27, 2023. (*Id.* ¶ 11.) Through this system, Defendant presented Plaintiff with various onboarding documents, including the Agreement. Defendant submits evidence that Plaintiff reviewed and accepted the terms of the Agreement along with other documents. (*Id.* ¶ 12.) In particular, Plaintiff provided an e-signature attesting the following: "I have read and understand the policy." (*Id.* ¶ 12, Ex. 2.) The Agreement provides, in relevant part:

1. **Binding Arbitration of Covered Claims**

    Both Employee and Employer agree to resolve any claim or dispute covered by this Agreement through binding arbitration rather than through court litigation. Both Employer and Employee further agree that binding arbitration pursuant to this Agreement shall be the sole and exclusive remedy for resolving any covered claims or disputes.

2. **Claims Covered by This Agreement**

    a. **Covered Claims.** Claims and disputes covered by this Agreement include all claims by Employee against Employer [] and all claims that Employer may have against Employee, including, without limitation, any claims arising from or relating to employment with Employer or relating to the terms

       and conditions of employment, job assignments, wages, benefits or other forms of compensation and/or separation from employment.  Covered claims specifically include claims arising from or relating to:

    i.    Any federal, state, or local laws, regulations, or statutes prohibiting employment discrimination (such as on the basis of race, sex, national origin, age, disability, or religion), retaliation and harassment, including but not limited to, claims arising under Title VII of the Civil Rights Act of 1964, as amended (Title VII) . . . and any other similar state or local statutes or regulations.

    . . .

    iv.    Any alleged violation of public policy, alleged wrongful termination, or any challenge to the at-will status of Employee.

(*Id.* ¶ 3, Ex. 1 at ¶¶ 1, 2.)[2]

Plaintiff opposes Defendant's motion to compel arbitration and disputes that he knowingly signed the Agreement.  (Doc. No. 14 at 1.)  Instead, Plaintiff points out that the document submitted by Defendant does not bear his physical signature and claims that he does not recall reviewing or assenting to the Agreement.  (*Id.*)  Plaintiff further submits that the Agreement was embedded in a handbook, was not separately highlighted

---

[2]    For purposes of the Agreement, Employer is defined as:

Circle K Stores Inc., Mac's Convenience, Stores LLC and all related entities, parent or subsidiary corporations, officers, directors, agents, shareholders, partners, benefit plans, benefit plan sponsors, fiduciaries, administrators, affiliates, successor and/or assigns of any of the above and all successors and assigns of any of the above.  It shall also include their managers and current or former employees.

(*Id.* at ¶ 4.a.)

or explained, and that it lacked any reference to specific statutory rights. (*Id.*) For these reasons, Plaintiff argues that no valid agreement to arbitrate his claims exists, and even if such an Agreement existed, his claims fall outside the Agreement's scope. (*Id.* at 2.)

## DISCUSSION

### I.   Legal Standard

A motion to compel arbitration is evaluated under the Federal Rules of Civil Procedure either as a Rule 12(b)(6) motion to dismiss or as a Rule 56 motion for summary judgment, depending on whether the Court considers matters outside of the pleadings. *City of Benkelman v. Baseline Eng'g Corp.*, 867 F.3d 875, 881-82 (8th Cir. 2017). Documents "necessarily embraced by the complaint" are considered part of the pleadings. *Enervations, Inc. v. Minn. Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004). In evaluating a 12(b)(6) motion, the Court must accept all factual allegations as true and view all reasonable inferences in the light most favorable to the non-moving party. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). The factual allegations in the complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Here, Plaintiff has filed an action against his former employer based on alleged wrongful termination and retaliation. Defendant submits that Plaintiff agreed to arbitrate such disputes when he electronically assented to the Agreement. Defendant posits that Rule 12(b)(6) applies because Plaintiff's claims all fall within the claims to be arbitrated by the Agreement and, presumably, that the Agreement is necessarily embraced by the complaint. Plaintiff does not dispute Rule 12(b)(6)'s proper application. Therefore, the

4

Court will analyze the motion to compel arbitration under Rule 12(b)(6) but notes that it would reach the same conclusion under the summary judgment standard.

### II. Arbitration Agreement

Through the Federal Arbitration Act, Congress has established a strong federal policy favoring arbitration. *See Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 226 (1987). In considering a motion to compel arbitration, a court is required to determine whether: (1) a valid agreement to arbitrate exists between the parties; and (2) the specific dispute is within the scope of that agreement. *Pro Tech Indus., Inc. v. URS Corp.*, 377 F.3d 868, 871 (8th Cir. 2004); *Houlihan v. Offerman & Co., Inc.*, 31 F.3d 692, 694-95 (8th Cir. 1994). These "threshold questions of arbitrability are for a court to decide, unless there is clear and unmistakable evidence the parties intended to commit questions of arbitrability to an arbitrator." *Eckert/Wordell Architects, Inc. v. FJM Props. of Willmar, LLC*, 756 F.3d 1098, 1100 (8th Cir. 2014).

The determine whether there is a valid agreement to arbitrate, a court applies "ordinary state law contract principles to decide whether parties have agreed to arbitrate a particular matter." *Keymer v. Mgmt. Recruiters Int'l, Inc.*, 169 F.3d 501, 504 (8th Cir. 1999); *see also Zean v. Comcast Broadband Sec., LLC*, 322 F. Supp. 3d 913, 917 (D. Minn. 2018).

Despite the evidence submitted by Defendant, Plaintiff disputes that there is a valid and binding arbitration agreement. Plaintiff's main argument is that he did not knowingly consent to the Agreement. Plaintiff asserts that he does not recall reviewing or assenting to the Agreement and underscores that he did not physically sign the

Agreement.  The Court is not persuaded by Plaintiff's arguments and instead finds that Defendants have pointed to sufficient factual support that Plaintiff consented to the Agreement.

Under Minnesota law, a contract is formed when there is a definite offer, acceptance of the offer, and consideration.  *Thomas B. Olson & Assocs., P.A. v. Leffert, Jay & Polgaze, P.A.*, 756 N.W.2d 907, 918 (Minn. Ct. App. 2008).  A party's assent to a contract is determined by that party's objective conduct and not their subjective intent.  *See Siebert v. Amateur Athletic Union of U.S., Inc.*, 422 F. Supp. 2d 1033, 1039 (D. Minn. 2006).

Defendant has demonstrated that the Agreement meets the requirements of contract formation.   First, the Agreement was written by Defendant and presented to Plaintiff during the onboarding process.  (Doc. No. 8 ¶ 3, Ex. 1.)  Second, the Agreement provided that "[i]n consideration of the mutual promises made in this Agreement, and Employee's initial or continued employment with Employer, the parties agree" to the terms of the Agreement.  (*Id.*)  Third, Defendant has attached evidence that Plaintiff submitted an e-signature assenting to the Agreement.  (Doc. No. 8 ¶ 12, Ex. 2.)  Electronic signatures are presumptively valid.  *See, e.g.*, 15 U.S.C. § 7001(a)(1) ("[A] signature, contract, or other record relating to [any transaction in or affecting interstate or foreign commerce] may not be denied legal effect, validity, or enforceability solely because it is in electronic form.").  And e-signature and e-agreements are valid and enforceable under Minnesota law.  *See* Minn. Stat. § 572B.31; *Siebert*, 422 F. Supp. 2d at

1040 n.7 (collecting cases upholding arbitration clauses in "clickwrap" or "shrinkwrap" form contracts where a party's "click" represents assent to a contract).

Further, by his objective conduct, Plaintiff assented to the Agreement. Indeed, Plaintiff accepted the offer of employment by providing an e-signature and commencing employment. *See McNamara v. Yellow Transp.*, 570 F.3d 950, 956 (8th Cir. 2009) (finding that an employee's "continued employment served as acceptance and consideration" to an arbitration agreement that was an imposed condition upon employment). The fact that Plaintiff may not have read or fails to recall the terms of the Agreement is not enough to avoid being bound by its terms. *See Siebert*, 422 F. Supp.2d at 1039 ("Absent fraud or misrepresentation, 'a person who signs a contract may not avoid it on the ground that he did not read it or thought its terms to be different.'" (quoting *Malecha v. St. Croix Valley Skydiving Club*, 392 N.W.2d 727, 731 (Minn. Ct. App. 1986)).

Next, the Court must determine whether the parties committed to submit the subject matter of the dispute to arbitration. Plaintiff argues that his claims against Defendant fall outside the scope of the Agreement. Specifically, Plaintiff argues that his statutory claims for wrongful termination, retaliation, and for whistleblower protection, are not clearly enumerated in the arbitration clause and are therefore not covered. Again, the Court disagrees.

First, the Agreement specifically provides that "[p]ursuant to AAA Rules, the arbitrator shall determine his or her own jurisdiction, including any objections with respect to existence, scope, or validity of the arbitration agreement." (Doc. No. 8 ¶ 3,

7

Ex. 1 ¶ 3.e.) Because the Agreement mandates arbitration consistent with the AAA's rule and expressly requires that the arbitrator have the authority to decide the scope of the Agreement, the question of the arbitrability of the claims is properly decided by the arbitrator. *See Long v. Miller*, No. 17-cv-424, 2017 WL 1968630, at *2 (D. Minn. May 11, 2017).

Even if the Court were to reach the issue of the scope of the Agreement, it would reject Plaintiff's argument that his claims fall outside its scope. First, the Agreement broadly provides that the parties agree to arbitrate "all claims by Employee against Employer . . . , including, without limitation, any claims arising from or relating to employment with Employer or relating to the terms and conditions of employment, job assignments, wages, benefits or other forms of compensation and/or separation from employment." (Doc. No. 8 ¶ 3, Ex. 1 ¶ 2.a.) The Agreement goes on to specifically enumerate types of claims that are covered, including claims arising from or relating to any federal, state, or local laws prohibiting employment discrimination, retaliation and harassment and claims arising from any alleged violation of public policy, alleged wrongful termination, or any challenge to the at-will status of Employee. (*Id*. ¶ 2.a.i, 2.a.iv.) Plaintiff's claims against Defendant center on the charge of retaliation and wrongful termination. These claims appear to be clearly covered by the Agreement.

Finally, Plaintiff argues that Defendant has engaged in "procedural manipulation." The Court finds no merit to this argument. Defendant removed this case consistent with the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons discussed above, the Court grants Defendant's motion to compel arbitration. The Court will stay this action pending completion of the arbitration or a determination by the arbitrator that the issue is not subject to arbitration.

## ORDER

Based upon the foregoing and the record in the case, **IT IS HEREBY ORDERED** that Defendant's motion to compel (Doc. No. [5]) is **GRANTED**, the motion to dismiss (Doc. No. [5]) is **DENIED**, and this matter is **STAYED** pending completion of the arbitration or a determination by the arbitrator that the issue is not subject to arbitration.

Dated: May 22, 2025                     s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge